**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL JOSEPH SWEENEY** | § | |
| | § | |
| **V.** | § | **A-14-CV-910 LY** |
| | § | |
| **TEXAS STATE UNIVERSITY** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Texas State University's Motion to Dismiss Plaintiff's Civil Complaint, Dkt. No. 13, Plaintiff Michael Joseph Sweeney's Response, Dkt. No. 15, and Defendant's Reply, Dkt. No. 19. Also before the Court are Plaintiff's Motion for Summary Judgment, Dkt. No. 16, and Defendant's Motion for Continuance, Dkt. No. 20. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.   GENERAL BACKGROUND

Plaintiff Michael Joseph Sweeney ("Sweeney") has brought this action alleging that Defendant Texas State University ("Texas State") committed several violations of Title II of the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973. Dkt. No. 5 at 1.[1] At the time of the events giving rise to this suit, Sweeney was a graduate student at

---

[1]In order to rule on Sweeney's application to proceed *in forma pauperis* the Court ordered him to produce a More Definite Statement, Dkt. No. 5, clarifying his Complaint. The Court will consider the content of his More Definite Statement in addition to his Complaint for the purposes

Texas State. *Id.* Sweeney is legally blind in his right eye, such that he receives academic accommodations from Texas State, including extended time to complete assignments, testing accommodations, preferential seating, early course registration, and audio recording of in-class lectures. *Id.*

Sweeney brings four claims alleging that Texas State discriminated against him on account of this disability. First, he claims that Texas State denied him the benefits of its services, programs, or activities when Professor Dr. Hyun Jung Yun: 1) refused to discuss his research project during scheduled officer hours on November 16, 2010; 2) rendered an arbitrary and capricious grade on December 5, 2010; and 3) submitted an allegedly libelous and discriminatory five page letter to the department grade appeals committee on September 15, 2011. Dkt. No. 5 at 2. Second, Sweeney claims that Texas State denied him the benefits of its programs when he was not admitted to the capstone course of his academic program by Dr. Thomas Longoria. *Id.* at 3. Sweeney claims that he was otherwise qualified for the course, but that Longoria refused to accommodate Sweeney's disability by modifying the program's requirements. *Id.* Moreover, Sweeney claims that during a meeting about the course Longoria was verbally abusive towards Sweeney. *Id.* Longoria then placed his right hand over his right eye, which Sweeney alleges indicated that Longoria was "offended by [Sweeney's] physical impairment, and indicated to [Sweeney that] the reason for [Longoria's] verbally abusive behavior toward [Sweeney] was due to [Sweeney's] physical disability." *Id.*

Sweeney's other two complaints involve complaints he made to Texas State's Office of Equity and Access. Sweeney filed two formal complaints alleging harassment and discrimination on the basis of a disability, the first on May 22, 2012 and the second on January 9, 2013. Dkt. No. 5 at 4-5. The Chief Diversity Officer issued his final reports on January 8, 2013, and July 10, 2013,

_____

of this Motion to Dismiss.

respectively, each time finding that no discrimination had occurred.  *Id.*  Sweeney alleges that the reports were clearly erroneous, were incomplete, and included fabrications. *Id*. Sweeney alleges that the reports constituted retaliation against him for filing his formal complaints.  *Id*.

## II.  LEGAL STANDARD

Texas State has brought a Motion to Dismiss for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombl*y, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true.  *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

## III.  ANALYSIS

Texas State makes three arguments in support of its Motion: 1) Sweeney's claims are barred by the statute of limitations; 2) Sweeney has not sufficiently pled that he is a person with a disability; and 3) Sweeney's claims are conclusory and lack the factual support necessary to survive a motion

to dismiss.  Texas State is largely correct: nearly all of Sweeney's claims are barred, either by the statute of limitations or by a failure to state a claim upon which relief may be granted.  However, Sweeney's  claim that he was denied entrance into the capstone course of his academic program on account of his disability is sufficiently pled to survive a motion to dismiss.

## A.      Statute of Limitations

Neither Title II of the ADA nor the Rehabilitation Act have a particular statute of limitations. As such, Texas' two-year statute of limitations for personal injury applies. *Holmes v.  Texas A&M Univ.,* 145 F.3d 681, 683-684 (5th Cir.  1998).  Sweeney was not required to exhaust his internal university remedies before bringing a claim under either Title II of the ADA or the Rehabilitation Act. *Wagner v. Texas A&M Univ.,* 939 F.Supp. 1297, 1308-1309 (S.D. Tex.  1996).  Thus, his formal complaints to Texas State's Office of Equity and Access did not toll the statute of limitations and his action accrued when he became aware he had suffered an injury. *Frame v.  City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011).

Sweeney filed his complaint on October 2, 2014.  Thus, any claims that accrued prior to October 2, 2012 are barred by the statute of limitations. Sweeney's first claim, regarding denial of services and discrimination by Dr. Hyun Jung Yun, is based on events that allegedly occurred on November 16, 2010 and September 15, 2011.  As this claim accrued before October 2, 2012, it is time barred and should be dismissed without prejudice.

## B.      Whether Sweeney is a Person with a Disability

Texas State next contends that Sweeney has not sufficiently pled that he is a person with a disability for the purposes of either Title II of the ADA or the Rehabilitation Act.  A person has a disability when he has "(A) a physical or mental impairment that substantially limits one or more

major life activities of such individual; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment." 42 U.S.C. § 12102(1).  Major life activities include "learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).  Sweeney stated that he "has an obvious physical impairment from a chemical injury which paused [him] to become legally blind (in the right eye) for which [he] receives academic accommodations through the Office of Disability Services" at Texas State.  Dkt. No. 5 at 1.  Those services include extended time to complete assignments, testing accommodations, preferential seating, early course registration, and audio recording of in-class lectures. *Id*.  Sweeney has sufficiently pled that he has a physical impairment that substantially limits a major life activity, namely his education.

## C.    Sufficiency of Sweeney's Remaining Pleadings

Finally, Texas State brings a blanket challenge to the sufficiency of Sweeney's remaining pleadings, arguing that they are conclusory and lack the factual support necessary to survive a motion to dismiss.  Texas State contends that because Sweeney fails "to raise a right to relief above the speculative level," his claims ought to be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Texas State is correct regarding Sweeney's claims of retaliation.  In order to establish a prima facie case of retaliation under the ADA and/or the Rehabilitation Act, a plaintiff must establish that: (1) he engaged in a protected activity, such as the filing of an EEOC complaint; (2) he was subjected to an adverse action by the public entity; and (3) a causal connection existed between the adverse action and the protected activity. *Calderon v. Potter*, 113 Fed.Appx. 586, 591-92 and n.1 (5th Cir.2004).  Sweeney has not pled any facts showing that he was subject to an adverse action by Texas State. He merely alleges that the Office of Equity and Access issued an unfavorable decision.

5

The issuance of this decision was not in retaliation for his filing of a formal complaint, it was the result of his filing of a formal complaint. A decision, even an unfavorable one, is the natural product of a complaint. It is not a retaliatory act.  Accordingly, Sweeney has failed to state a claim for retaliation under either Title II of the ADA or the Rehabilitation Act.

However, Sweeney has sufficiently stated a claim that he was denied the benefits of Texas State's services on account of his disability when he was denied access to the capstone course of his academic program.  In order to state a claim under the ADA or Rehabilitation Act, a plaintiff must demonstrate: "(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004).

As noted *supra*., Sweeney has sufficiently pled that he is a qualified individual within the meaning of the ADA.  He has also satisfied the other elements.  Sweeney pled that Texas State denied him entry into the capstone course of his academic program, for which he was otherwise qualified, by refusing to make modifications to account for his disability.  Dkt. No. 5 at 3.  He pled that Texas State denied him entry into the class as a result of a meeting during office hours with Dr. Thomas Longoria, who "verbally abused [him] for about 40 minutes." *Id*.  When Longoria placed his hand over his right eye—the same eye Sweeney alleges was damaged in a chemical accident, leading to his blindness—Sweeney alleges he was "alerted" that Longoria "was obviously offended by [Sweeney's] physical impairment, and indicated to [Sweeney] the reason for [Longoria's] verbally abusive behavior toward [Sweeney] was due to [Sweeney's] physical disability." *Id*.  (internal

6

extraneous quotation marks omitted).  To survive a motion brought pursuant to Rule 12(b)(6), a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  On this claim, Sweeney has met this burden.

**D.     Conclusion**

Of the four claims in Sweeney's complaint, three should be dismissed: his first claim is barred by the statute of limitations, and his third and fourth are not claims upon which relief may be granted.  However, his third claim, wherein he alleges that he was denied entry into the capstone course of his academic program on account of his disability, passes initial muster.

Also before the Court are Sweeney's Motion for Summary Judgment and Texas State's Motion for Continuance (seeking postponement of the motion for summary judgment until the motion to dismiss was resolved).  Sweeney's Motion for Summary Judgment is plainly premature. Neither a discovery plan nor a scheduling order have been entered in this case. Further, given the recommendation contained herein, the majority of the motion is moot.  Accordingly, the undersigned recommends that the Motion for Summary Judgment be dismissed without prejudice, and Sweeney be advised that he may refile his Motion at a later time.  The undersigned therefore also recommends that Texas State's Motion for Continuance be dismissed as moot.

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendant Texas State University's Motion to Dismiss as to Sweeney's first, third and fourth claims, and **DENY** the motion as to his second claim.  The Magistrate Court further recommends that Plaintiff Michael Joseph Sweeney's Motion for Summary Judgment (Dkt. No. 16)

be **DISMISSED WITHOUT PREJUDICE**, and Defendant Texas State University's Motion for Continuance (Dkt. No. 20) be **DISMISSED AS MOOT.**

### V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of May, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE