UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL JOSEPH SWEENEY, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:14-cv-0910-LY-AWA |
| | § | |
| TEXAS STATE UNIVERSITY, | § | |
| Defendant | § | |

### DEFENDANT'S CORRECTED MOTION FOR SANCTIONS

COMES NOW, Defendant, Texas State University ("TxState") and file this Motion for Sanctions pursuant to Federal Rules of Civil Procedure 37.

### I.
### PROCEDURAL HISTORY

On October 2, 2014, Plaintiff filed suit alleging violations Title II of the Americans with Disabilities Act and the Rehabilitation Act. *See* Doc. 1. Subsequently, Plaintiff filed a more definite statement alleging four instances of disability discrimination. *See* Doc. 5; ¶¶2-3; *see also* Doc. 21, p. 2. All but one claim for disability discrimination survived Defendant's Motion to Dismiss. Docs. 13, 21, 31.

On August 5, 2015, the parties attended a pre-trial conference before Judge Yeakel. On that same day, Defendant served Plaintiff with its first set of Interrogatories, Requests for Production and Requests for Admissions with his responses due on or about September 4, 2015. Rather than respond, however, Plaintiff objected to each and every request for admission, interrogatory and request for production only on the basis of relevancy and provided no substantive responses or responsive documents.

Therefore, on September 9, 2015 TxState filed a Motion to Compel Plaintiff's discovery responses. Doc. #43. This Court denied Plaintiff's Motion for Summary Judgment and granted

TxState's Motion to Compel, ordering Plaintiff to respond to Defendant's discovery responses by October 30, 2013.  *See* Doc. #44.  The Court determined that:

> Parties, including Texas State, are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26 (b)(1). Such information "need not be admissible in evidence to be discoverable." *Id*. One party cannot unilaterally declare that material sought by the other is "irrelevant" and thereby gain absolution from required disclosures.

See Doc. #44 at p. 3.  Judge Yeakel adopted this Court's Report and Recommendations on or about November 17, 2015.  Doc. 49.  Mr. Sweeney has never answered Defendant's discovery, in direction violation of the Magistrate's Order to do so.

Further, Defendant requested Mr. Sweeney's depositions a number of times.  On August 22, 2015, Mr. Sweeney advised defense counsel that he would not agree to sit for a deposition because he believed TxState had had ample time to secure his deposition in the eight months prior (Exhibit re1), notwithstanding the fact that the discovery period in this case ended on or about December 8, 2015.  Doc. 35.

In response to Defendant's October 5, 2015 request, Mr. Sweeney advised that he would not agree to sit for a deposition "until the court orders it."  Exhibit 2.  Thus, rather than comply with the Court's order to answer discovery, Plaintiff sought to avoid responding to discovery and sitting for his own deposition by filing a Motion for Protective Order (Doc. 48) and subsequent Motion to Recuse Judge Austin (Doc. 51).

Thereinafter, Defendant sent Mr. Sweeney a Notice of Intent to Take Oral and Videotaped deposition.  Exhibit 3.  His deposition was noticed for November 18, 2015 at 1:00 pm.  *Id*.  On November 10, 2015, Sweeney advised defense counsel of his refusal to attend his November 18th deposition since he believed "it is obvious your intention is to cause annoyance, embarrassment, oppression, undue burden, and further delays in the administration of justice . . . ."  Exhibit 4.

2

Defense counsel advised Sweeney that without an Order of Protection from the Court, he would need to attend his deposition. Exhibit 4.

At 1:00 pm on November 18, 2015, defense counsel and counsel for TxState arrived at the deposition location and waited for an hour for Mr. Sweeney. He never arrived and a Certificate of Non-Appearance was taken on the records. Exhibit 5. TxState now seeks to sanction Plaintiff for abusing the discovery process by (1) deeming TxState's Requests for Admissions (Exhibit 6) admitted; (2) striking Plaintiff from testifying, live or via affidavit or declaration at any remaining proceeding, including but not limited to responding to TxState's Motion for Summary Judgment and testifying at trial; (3) ordering Plaintiff to pay reasonable and necessary attorney's fees and costs associated with the November 18, 2015 deposition preparation; and (4) dismissing Plaintiff's claims against TxState in its entirety, with prejudice.

## II.
## ARGUMENTS & AUTHORITIES

Federal Rule of Civil Procedure 37(b)(2) authorizes courts to appropriately respond to and deal with parties which have disobeyed discovery orders. District courts' discretion in fashioning appropriate sanctions for parties who disobey their orders is quite broad, though not unlimited. *Marshall v. Segona*, 621 F.2d 763, 767 (5th Cir. 1980); *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976). Further, Rule 37(d)(1)(A), authorizes this Court to order sanctions if a "party . . . fails, after being served with proper notice, to appear for [his/her] deposition." FED.R.CIV.P. 37(d)(1)(A).

Rule 37(d)(3) allows any sanctions set forth in Rule 37(b)(2)(A)(i)-(vi) which includes:

(i)   directing that the matter embraced in the order or other designated facts be taken as established for purposed of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matter in evidence;

(iii)  striking pleadings in whole or in part;

(iv)  staying further proceedings until the order is obeyed;

(v)  dismissing the action or proceeding in whole or in part.

Even though he was ordered to comply with a court order and respond to TxState's Interrogatories, Requests for Production and Requests for Admissions on or before October 30, 2015, Plaintiff failed to do so and failed to present good cause for such failure. Each Request for Admission sent by TxState concerned an essential fact and the only objection posed by Sweeney was "relevance." Exhibit 6. Judge Austin determined that this was not a "sufficient response" because "Parties, including Texas State, are entitled to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" Doc. 44, p. 3. The Court also advised that "[o]ne party cannot unilaterally declare that material sought by the other is 'irrelevant' and thereby gain absolution from required disclosures.'" *Id*. Because Sweeney was ordered to respond to TxState's discovery requests by October 30, 2015 and failed to do so, this Court should deem TxState's Requests for Admissions admitted by Plaintiff.

In addition, defense counsel attempted to secure a date for Sweeney's deposition and he simply refused to provide one. When his deposition was scheduled, he advised that he would not attend without a court order and though he was advised that he was required to attend, he still refused to attend his scheduled deposition and give testimony in this case, again, with no showing of good cause. TxState requests that this Court strike Plaintiff's testimony, either live or by affidavit or declaration unless and until Plaintiff attends his deposition and testified under oath.

Defense counsel prepared for Plaintiff's deposition and traveled from her office in Austin, Texas to San Marcos, Texas and hired a court reporter and videographer. Reasonable costs expended for this deposition that were then wasted when Plaintiff refused to attend is

approximately $500.00. TxState seeks to have this Court impose monetary sanctions on Sweeney for failing to attend his deposition.

Finally, while dismissal with prejudice is an extreme sanction only warranted in circumstances where there is a "clear record of delay or contumacious conduct by a plaintiff," *Anthony v. Marion County Gen. Hosp.,* 617 F.2d 1164, 1167 (5th Cir. 1980), the record in this case clearly demonstrates Plaintiff's continued refusal to comply with the Federal Rules of Civil Procedure and orders issued and/or adopted by the Court, all while filing frivolous motions which are intended to frustrate the legal process and only cause delays in this case. Indeed, the Fifth Circuit has articulated several factors to consider in light of such a request for sanctions:

> [S]everal factors ["Conner factors"] must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 316 (5th Cir. 2013) (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)). While TxState would like to believe that lesser sanctions would have the desired effect of urging Plaintiff to comply with appropriate discovery requests in this case, he had demonstrated an unwillingness to do so by not only failing to respond, but also filing frivolous Motion for Protective Order and Motion to Recuse. Because Plaintiff cannot abide by the rules of civil procedure or court orders, his case should be dismissed with prejudice.

### III.
### CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court to grant this Motion for Sanctions.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Division Chief - General Litigation


*/s/ Erika M. Laremont*
ERIKA M. LAREMONT
Assistant Attorney General
ERIKA M. LAREMONT
State Bar No. 24013003
Assistant Attorney General
General Litigation Division
Post Office Box 12548, Capitol Station
Austin, Texas  78711-2548
512-463-2120 (Telephone)
512-320-0667 (Facsimile)
erika.laremont@texasattorneygeneral.gov

**ATTORNEYS FOR DEFENDANT**


**CERTIFICATE OF CONFERENCE**

I certify that on the 17th of November 2015, I advised the Plaintiff that his failure to attend his deposition would result in my filing a Motion for Sanctions.  Since Plaintiff did not attend his deposition, this Motion followed.  Defendant assumes Plaintiff objects to this motion.

*/s/ Erika M. Laremont*
ERIKA M. LAREMONT
Assistant Attorney General

6

## CERTIFICATE OF SERVICE

      I hereby certify that on the 24th day of November, 2015, the foregoing document has been sent via first class mail and email to:

Michael Joseph Sweeney
P.O. Box 258
San Marcos, TX  78667
mjsweene@indiana.edu

                                            /s/ *Erika M. Laremont*
                                            ERIKA M. LAREMONT
                                            Assistant Attorney General