UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL SWEENEY, | § | No. 1:14–CV–910–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| TEXAS STATE UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE; AND
(2) GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court is a Report and Recommendation by United States Magistrate Judge Andrew Austin (Dkt. # 68) regarding the Motion for Summary Judgment filed by Defendant Texas State University ("Texas State") (Dkt. # 57). Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing. After reviewing the motion and response, as well as the objection and responses to the Report and Recommendation, the Court, for the reasons that follow **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. # 68) and **GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 57).

BACKGROUND

Michael Joseph Sweeney is a pro se plaintiff who enrolled in a graduate Public Administration ("M.P.A.") program at Texas State in the fall of 2010. (Dkt. # 1at 1; Dkt. # 5 at 1; Dkt. # 57, Ex. C at 3.) Plaintiff is legally blind in his right eye, and received academic accommodations from Texas State due to this disability. (Dkt. # 5 at 1.) These accommodations included extended time during tests, quizzes, and in-class writing assignments, private testing accommodations, preferential seating, early course registration, and audio recording of class lectures. (Id.) While Plaintiff initially brought many claims against Texas State, only one still remains; accordingly, only the facts relevant to that claim are recounted here.

M.P.A. students at Texas State are required to take Political Science 5397 ("POSI 5397"), a three-credit capstone course for the Master's program, in which the student completes an applied research project. ("Longoria Aff.," Dkt. # 57, Ex. A ¶ 3.) A student may not register for POSI 5397 until he has prepared a detailed prospectus; this prospectus must be approved by the supervising professor before the student is permitted to enroll. (Id.)

On October 13, 2012, Plaintiff sent the following e-mail to Dr. Thomas Longoria, a professor at Texas State: "Thomas, I have completed by ARP Prospectus and have attached it for your review, and approval. I am eligible for

early Spring registration which began on October 11; therefore, I would like an approval on my prospectus as soon as possible." (Dkt. # 18-13 at 21.) Dr. Longoria responded on October 15, 2012, that "I have too many questions and concerns to approve the prospectus. Make an appointment. I'll be on campus tomorrow afternoon and on the RR campus Wed afternoon." (Id.) After subsequent e-mails, the two decided to meet on October 25, 2012. (Id.)

Plaintiff claims that during this meeting, Dr. Longoria verbally abused him for 40 minutes, though he concedes that at some point in the meeting, Dr. Longoria did make some suggestions to Plaintiff regarding his research prospectus. (Dkt. # 5 at 3.) Plaintiff claims that during the meeting, Dr. Longoria placed his hand over his eye, showing he was offended by Plaintiff's disability. (Id.)

Plaintiff did not submit his revised prospectus to Dr. Longoria until December 17, 2016, after the early class registration period had passed.[1] (Dkt. # 57, Ex. A at 10; 24–26.) Dr. Longoria replied the same day with questions and comments, stating "[w]hat you have sent appears to be a start." (Id. at 10.) Plaintiff did not reply. (Id.; Longoria Aff. ¶ 10.) Plaintiff was not admitted into POSI 5397 in the spring semester; he claims this was the result of Dr. Longoria's refusal to make modifications to the academic program, in violation of the ADA.

---

[1] Notably, the revised prospectus was only two pages long.

(Dkt. # 5 at 3.)  Plaintiff claims that this has caused him severe and continuous mental and emotional anguish.  (Id. at 3, 5.)

Plaintiff filed a formal complaint regarding Dr. Longoria's behavior with Texas State's Office of Equity and Access, alleging harassment and discrimination.  (Dkt. # 5 at 5.)  The Chief Diversity Officer reviewed the complaint and determined that Dr. Longoria had committed no wrongdoing.  (Id.).

On October 2, 2014, Plaintiff brought suit against the school.  (Dkt. # 1).  On October 14, 2014, pursuant to an order of this Court, Plaintiff filed a More Definite Statement.  (Dkt. # 5).  On May 14, 2015, Magistrate Judge Austin issued a report and recommendation pursuant to a Motion to Dismiss filed by Texas State, recommending dismissal of all but the remaining claim, addressed below (Dkt. # 21); Judge Yeakel summarily adopted the Report and Recommendation on June 18, 2015 (Dkt. # 31).[2]  Accordingly, the only issue remaining in the case is whether Plaintiff was denied entry into the capstone course of his academic program on account of his disability.  Plaintiff brings this claim for discrimination under both the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 791 et seq.  (Dkt. # 1.)

---

[2] This case was later transferred to this Court's docket on March 21, 2016.  (Dkt. # 60.)

On February 5, 2016, Texas State filed the instant Motion for Summary Judgment (Dkt. # 57); Plaintiff timely filed a Response (Dkt. # 59). On July 11, 2016, Magistrate Judge Austin filed a Report and Recommendation on the Motion for Summary Judgment (Dkt. # 68). Plaintiff filed an objection to the Report and Recommendations on July 27, 2016 (Dkt. # 70), and Texas State filed a Response (Dkt. # 71).

## LEGAL STANDARD

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation. Fed. R. Civ. P. 72(b)(2). The Court conducts a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). In the instant case, Plaintiff merely "object[ed] to the Report and Recommendation . . . in its entirety." (Dkt. # 70.)

Accordingly, the Court reviews the Magistrate Judge's Report and Recommendation for clear error.

## DISCUSSION

Both the ADA and the RA prohibit "discrimination against qualified individuals with disabilities." Kemp v. Holder, 610 F.3d 231, 234 (5th Cir. 2010). Section 504 of the Rehabilitation Act requires that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or her disability, be excluded from the participation in . . . any program or activity receiving Federal financial assistance." 29 U.S.C. §794(a). A program or activity includes "the operations of . . . a college, university, or other postsecondary institution." Id. § 794(b)(2)(A). The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

While the prohibitions of the RA and ADA are quite similar, the causation standards for imposition of liability differ. "The causation standard of [the RA] requir[es] that the discrimination be 'solely by reason of his or her disability,'" and imposes liability only in such a situation. Soledad v. U.S. Dept. of Treasury, 304 F.3d 500, 505 (5th Cir. 2002) (quoting 29 U.S.C. § 794(a)); see also Pinkerton v. Spellings, 529 F.3d 513, 516 (5th Cir. 2008) ("[u]nder § 504, the

causation standard is settled"). Conversely, the ADA does not require discrimination to be the "sole causation" of exclusion. Pinkerton v. Spellings, 529 F.3d at 518. Rather, "[t]he proper causation standard under the ADA is a 'motivating factor' test." Id.

Despite the different standards of causation, the Fifth Circuit uses the same test to evaluate whether a defendant should be liable for discrimination under the RA and the ADA, and the claims may be evaluated together. D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist., 629 F.3d 450, 453 (5th Cir. 2010).

> To establish a prima facie case of discrimination under the ADA [or RA], a plaintiff must demonstrate: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

Melton v. Dallas Area Rapid Transit, 391 F.3d 669, 671–72 (5th Cir. 2004) (citing Lightbourn v. County of El Paso, Tex., 118 F.3d 421, 428 (5th Cir. 1997)). It is the third element—causation, that differs between the ADA and the RA. Maples v. Univ. of Tex. Med. Branch at Galveston, 901 F. Supp. 2d 874, 879 (S.D. Tex. 2012) ("Thus, while section 504 establishes a 'sole cause' test for causation, the ADA instead establishes a 'motivating factor' test."). Here, the distinction is irrelevant, because the claims fail under the "motivating factor" standard.

The Court has already established that Plaintiff, who "has an obvious physical impairment from a chemical injury which caused [him] to become legally blind [ ] in the right eye [ ]" (Dkt. # 5 at 1) is a person with a disability under Title II of the ADA and Section 504 of the RA.  (Dkt. # 21 at 5.)  Accordingly, Plaintiff has established the first element of a claim for discrimination under both the RA and the ADA.  Melton, 391 F.3d at 671–72.

The second and third elements of the test for evaluating a defendant's liability for discrimination under the ADA and RA are best considered together.  With regard to these elements, it is important to keep in mind that "[t]he ADA provides a right to reasonable accommodation, not to the [plaintiff's] preferred accommodation."  E.E.O.C. v. Agro Distrib., LLC, 555 F.3d 462, 471 (5th Cir. 2009).  In the academic context, this means that academic programs need not "'fundamentally alter the nature of the service, program, or activity' and need not alter eligibility criteria that are 'shown to be necessary for the provision of the service, program, or activity being offered.'"  Maples, 901 F. Supp. 2d at 883 (quoting 28 C.F.R. § 35.130(b)(7)–(8)).  Finally, the disabled person bears the "burden to request reasonable accommodations," where these may be necessary to enable him to meet course requirements.  Jenkins v. Cleco Power, LLC, 487 F.3d 309, 315 (5th Cir. 2007).

It is undisputed that Plaintiff was not admitted into the spring 2013 term because the research prospectus he submitted was deemed inadequate by Professor Longoria. (Dkt. # 68 at 6–9.) Plaintiff offered no evidence that the two-page research prospectus he submitted on December 17, 2012, was adequate to secure admission into the capstone course. Further, Plaintiff presented no evidence that the submission of an approved prospectus was an unreasonable prerequisite for admission into the capstone course. Importantly, Plaintiff did not take advantage of the early course registration accommodation, and did not submit his revised research prospectus to Dr. Longoria until December 17—long after the early course registration period had begun. Finally, Plaintiff presents no evidence that he requested further accommodations from Texas State to assist him in meeting the requirements for admission into the capstone course. Federal law does not exempt Plaintiff from meeting basic eligibility requirements for course registration; rather, it affords him the right to receive reasonable accommodations to meet registration requirements. Nor does federal law provide him a cause of action to remedy his failure to appropriately utilize the accommodations provided to him or to request further accommodations.

Rather, Plaintiff's discrimination claim focuses entirely on his allegation that during his October 25, 2012 meeting with Dr. Longoria, he "placed his right hand over his left eye, which alerted Plaintiff that [he] was obviously

offended by the Plaintiff's physical impairment." (Dkt. # 5 at 3.) Even if this unfortunate allegation is true, it is insufficient to demonstrate that Plaintiff's disability—and Dr. Longoria's alleged offense at his disability—was at least a motivating factor in determining that Plaintiff had not adequately prepared an adequate research prospectus, resulting in his exclusion from admission into his capstone course during the 2013 spring semester. Rather, Plaintiff received feedback on his prospectus on October 25, 2012, submitted a revised prospectus on December 17, 2012, and did not respond to Dr. Longoria's subsequent questions. Therefore, Plaintiff has failed to demonstrate that he has been excluded from the capstone course by Texas State's failure to provide reasonable accommodations. Accordingly, the Magistrate Judge's conclusion that Plaintiff failed to present evidence of a genuine issue of material fact as to his claim for discrimination under the ADA and RA is not clearly erroneous.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dk. # 68) and **GRANTS** Defendant's Motion for Summary Judgement (Dkt. # 57.) All other pending matters in this action (Dkts. ## 48, 54, 62) are hereby **DISMISSED AS MOOT**. There being no matters remaining in this case, it is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, August 15, 2016.

_____
David Alan Ezra
Senior United States Distict Judge